DANIEL C. POE AND AGNES E. POE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poe v. Commissioner
Docket No. 14517-81.
United States Tax Court
T.C. Memo 1983-312; 1983 Tax Ct. Memo LEXIS 467; 46 T.C.M. (CCH) 316; T.C.M. (RIA) 83312; June 6, 1983. *467 Held: Summary judgment granted for respondent where petitioners allege no facts contrary to those determined by respondent and advance legal arguments that are patently frivolous. Daniel C. Poe, pro se. Frank A. Falvo, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This case is before the Court on respondent's motion for summary judgment filed February 15, 1983. In his notice of deficiency issued to petitioner Daniel C. Poe on March 23, 1981, respondent determined the following deficiencies and additions to the tax: Taxable
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
1975
$368.67
$92.17
$18.43
1976
229.80
57.45
11.49
1977
773.50
171.10
38.68
*468 In his notice of deficiency issued to petitioner Agnes Poe on March 23, 1981, respondent determined the following deficiencies and additions to the tax: Taxable
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1975
$75.32
$18.83
1976
226.00
56.50
$11.30
1977
958.00
239.50
47.90
For each of the years in issue, petitioners submitted to respondent's Service Center protest-type Forms 1040, which contained an objection on the basis of self-incrimination on virtually every line. It is established beyond question that to qualify as a valid return, a document must contain sufficient information to enable the Commissioner to compute the taxpayer's tax liability. ; , and cases cited therein. The blanket assertion of the privilege against self-incrimination does not shield the taxpayer from the duty to file returns. . *469 The Forms 1040 filed by petitioners were thus clearly not valid returns. Petitioners filed a timely petition invoking the jurisdiction of this Court. Their petition does not allege any facts relating to the particular items of income and deductions determined by respondent in his notices of deficiency.The only error alleged in the petition was the claim that the determinations set forth in the notices of deficiency were erroneous because respondent had used "secret and arbitrary investigative measures" and that the statutory notice was issued under "unlawful procedures designed to deny the petitioners their legal, civil, and Constitutional rights." No specific facts in support of this claim have been alleged. As a general rule this Court will not look behind a notice of deficiency to examine evidence used or the propriety of the Commissioner's motive or the administrative policy or procedures involved in making the deficiency determination. ; ; . A narrow exception to this general *470 rule has been carved out for cases in which there is a showing by the taxpayer that the statutory notice is arbitrarily excessive or without foundation, which has the effect of shifting the burden of going forward with the evidence to respondent. Cf., . This exception does not apply to the case before us since petitioners have not alleged any facts to support their claim that the deficiency determinations were arbitrary and illegal. In this context, there is no basis for the Court to look behind the notice of deficiency. We will briefly respond to arguments that were not specified in the petition but were raised in other submissions and which respondent has addressed in his motion for summary judgment. These arguments are just as devoid of merit as the arbitrary deficiency contention raised in the petition. On November 19, 1982, respondent served upon petitioner request for admissions, to which petitioner furnished responses on December 13, 1982. In these responses, petitioners admit receipt of the wages, rental management fees, compensation for painting services, and capital gain on the sale of a residence, as determined *471 by respondent. Thus, petitioners accept the facts as determined by respondent. They contend, however, that these amounts were not income under the Federal income tax law. In a motion for summary judgment which was filed on July 7, 1982, and denied by the Court on July 8, 1982, petitioners advanced the argument that wages were not income and that they were therefore not required to file returns. As a matter of law, this argument is totally without merit.Section 61 defines gross income as "all income from whatever source derived, including * * * [c]ompensation for services * * *." The Court has repeatedly ruled that the receipt of wages in exchange for services rendered is income which must be included under section 61. See, e.g., , and cases cited therein. Indeed, in , we summarily rejected this same argument by Mr. Poe with respect to wages he received in 1978 and 1979. With respect to the capital gain realized by petitioners on the sale of their residence, they contend that the amount of deficiency determined by respondent was incorrect because the amounts *472 they received upon the sale of their residence were in Federal Reserve notes, which are not lawful money. They claim that their actual gain can be determined only by converting Federal Reserve notes into their value in silver on the days when the residence was acquired and when it was sold. This argument is patently frivolous, having been consistently rejected by the Court. It is well established that Federal Reserve notes are lawful money even though not backed by gold and silver. ; , affd. without published opinion . Because there is no genuine issue as to any material fact, and because petitioners' legal arguments are wholly without merit, we grant respondent's motion for summary judgment. This applies to the additions to the tax under sections 6651(a)(1) and 6653(a) as well as to the deficiency determinations. Petitioners filed no Federal income tax returns for the years in issue, thus bringing section 6651(a)(1) into play. They have advanced no reasonable grounds for their failure to file. They *473 have also presented no evidence to show why they are not liable for additions to the tax under section 6653(a). An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩